**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION,

      Plaintiff,

        v.

FRANCINE WILLIAMS,

      Defendant.

CIVIL ACTION NO. 3:CV-12-1967

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Mortgage Foreclosure Complaint of Plaintiff JPMorgan Chase Bank, National Association ("JPMC"). (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff filed this action on October 1, 2012. Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The Complaint states that JPMC "is a corporate body having a place of business in OneWest Bank, FSB, 888 E. Walnut Street, Pasadena, CA 91101." (*Compl.*, ¶ 1.) The Complaint also states that Defendant Francine Williams "resides at 8275 Natures Drive, H 171, Tobyhanna, PA 18466." (*Id*. at ¶ 2.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Pursuant

to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In contrast, "national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has interpreted this language to mean that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

In the *sub judice*, Plaintiff's Complaint fails to demonstrate the requirements of federal

subject matter jurisdiction because it insufficiently alleges the citizenship of the national banking association Plaintiff. While Plaintiff avers in its Complaint that it is a corporate body having a place of business in California, this appears to be an insufficient declaration of citizenship. Instead, the Complaint must state the location of JP Morgan's main office as it appears in its articles of association.[1]

In addition, diversity is insufficiently alleged as to Defendant. Plaintiff alleges in its Complaint that Defendant "resides" in Pennsylvania. (*Compl.*, ¶ 2.) It is well established that the term "citizenship" is not synonymous with "resident." *See Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity; two elements are necessary to establish domicile, residency coupled with an intent to continue to remain in that location"); *see also Wachovia Bank, N.A. v. Ford*, No. 3:09-CV-778, 2009 WL 1140532 (M.D. Pa. Apr. 27, 2009). Here, to properly allege diversity, Plaintiff must allege Defendant's state of citizenship, not merely Defendant's state of residence.

Therefore, because Plaintiff fails to allege necessary facts regarding the citizenship of the parties, the Court cannot determine whether complete diversity of citizenship exists and thus cannot exercise jurisdiction.

---

[1]There is divergent authority as to whether a national banking association is also a citizen of the state in which it holds its principal place of business. *See, e.g., MBIA Ins. Corp. v. Royal Indem. Co.*, 294 F. Supp. 2d 606, 611 (D. Del. 2003) (holding that "a national bank is located for purposes of Section 1348 only where it has its principal place of business and in the state designated in its organization certificate"); *cf. Mireles v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 3871 at *66-68 (C.D. Cal. Jan. 11, 2012) (holding that a national bank is "only a citizen of a single state: the state in which it was incorporated").

### III. Conclusion

Plaintiff's Complaint fails to show the existence of subject matter jurisdiction.  The Plaintiff will be given twenty-one (21) days in which to file an amended complaint if it can show that diversity jurisdiction exists.  Failure to do so will result in this action being dismissed.

An appropriate order follows.


 October 3, 2012                               /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                     United States District Judge